# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into effective June 1, 2018, ("Effective Date") by and between ELNA SEFCOVIC, LLC, JUHAN LP, and ROY ROYALTY, INC. (the "Plaintiffs"), on behalf of themselves and a class of similarly situated royalty and overriding royalty owners (defined as the "Class" in Section 1 below), and TEP ROCKY MOUNTAIN LLC ("TEP"), a Delaware limited liability company. Plaintiffs and TEP may each be referred to as a "Party" or collectively as "the Parties."

## RECITALS

A. Plaintiffs, the Class, and TEP own interests in oil and natural gas produced in the Piceance Basin located in northwestern Colorado. Plaintiffs and the Class own royalty and/or overriding royalty interest in this production, and TEP owns working interests in this production. TEP also operates the wells from which the oil and natural gas is produced and sold.

B. Plaintiffs, the Class, and TEP are parties to a class-action settlement agreement approved by the District Court of Garfield County, Colorado in a case styled *Ivo Lindauer v. Williams Production RMT Co.*, 2006 CV 0317 (Garfield County District Court) (the "*Lindauer* Settlement"). The *Lindauer* Settlement resolved the parties' dispute over the calculation and payment of royalties and overriding royalties on the production of natural gas and associated liquids, and also set forth a methodology for calculating and paying some or all of these royalties and overriding royalties after the effective date of the settlement. The *Lindauer* Settlement was approved by the Garfield County District Court on March 20, 2009.

C. On July 18, 2017, Plaintiffs sued TEP in the District Court for the City and County of Denver, Colorado (Case No. 2017 CV 32575) for allegedly calculating their royalties and overriding royalties in a manner that was inconsistent with the *Lindauer* Settlement and/or contrary to the underlying royalty instruments. Plaintiffs brought their claims on behalf of themselves and a class of similarly situated royalty and overriding royalty owners who were parties to the *Lindauer* Settlement (or their successors). The case was removed to federal court on August 17, 2017, and styled *Elna Sefcovic, LLC, et al. v. TEP Rocky Mountain LLC*, Case No. 17-cv-01990-MSK-MEH (the "Civil Action"). TEP denied that it underpaid Plaintiffs' royalties and overriding royalties.

D. Over the past ten months, Plaintiffs and TEP have been engaged in extensive information discovery and data production relevant to TEP's payment of royalties and overriding royalties since July 1, 2011. Plaintiffs' attorneys ("Class Counsel") and TEP's attorneys have engaged experienced royalty accounting experts to assist in reviewing the data, analyzing the relevant costs allocated to royalty owners, and determining the amounts at issue in the case. Class Counsel and TEP's attorneys also have engaged in extensive discussions between counsel and their accounting experts to evaluate the information and negotiate a full and final resolution of their dispute in order to avoid the cost, time, and uncertainty of continued litigation.

# EXHIBIT 19

# AGREEMENT

1. <u>Joint Motion for Class Certification</u>: Within seven (7) days of executing this Agreement, Plaintiffs and TEP will file the Joint Motion for Settlement Class Certification and Preliminary Approval of Class Action Settlement Agreement (the "Joint Motion") in the form attached as <u>Exhibit A</u>. The Joint Motion shall seek certification of the following class (the "Class"):

> all persons and entities to whom TEP has paid royalties and/or overriding royalties, and deducted post-production costs from those royalties and/or overriding royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the *Lindauer* Settlement identified as Category 2, Category 3, Category 5, and Category 11 instruments.

The Joint Motion shall seek certification of the following four subclasses (the "Subclasses") that together compose the Class:

> <u>Subclass 1</u>: Elna Sefcovic, LLC, and all persons and entities to whom TEP has paid royalties, and deducted post-production costs from those royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the *Lindauer* Settlement identified as either Category 2 or Category 3 royalty instruments.

> <u>Subclass 2</u>: Juhan, LP, and all persons and entities to whom TEP has paid royalties and/or overriding royalties, and deducted post-production costs from those royalties and/or overriding royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the *Lindauer* Settlement identified as Category 5 instruments, and that currently are identified by TEP as Category 5 instruments.

> <u>Subclass 3</u>: Roy Royalty, Inc., and all persons and entities to whom TEP has paid royalties and/or overriding royalties, and deducted post-production costs from those royalties and/or overriding royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil

- 2 -

and gas lease agreements which the settling parties in the *Lindauer* Settlement identified as Category 11 instruments, and that currently are identified by TEP as Category 11 instruments.

Subclass 4: Juhan, LP, and all persons and entities to whom TEP has paid royalties and/or overriding royalties, and deducted post-production costs from those royalties and/or overriding royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the *Lindauer* Settlement identified as Category 5 or 11 instruments, but that currently are not identified by TEP as exclusively Category 5 or Category 11 instruments.

The Joint Motion also shall seek certification of the proposed class settlement set forth in this Agreement. The Parties shall cooperate with one another and make their best efforts to obtain certification of the settlement class and subclasses, and approval of this Agreement.

    2.    Settlement Amount. Within fourteen (14) days of the date of the entry of the Preliminary Approval Order, as defined in Section 3(c) below, TEP shall deposit a total of Ten Million Twenty-Five Thousand Three Hundred Eight Dollars ($10,025,308.00) in an interest-bearing account at BOKF, NA (the "Escrow Account"), to be held by BOKF, NA as the escrow agent (the "Escrow Agent"). The total shall represent payment to Plaintiffs and the Class in order to resolve all claims through the Effective Date of this Agreement (the "Settlement Amount") as follows:

Subclass 1: $454,845.00.

Subclass 2: $5,787,732.00.

Subclass 3: $1,157,145.00.

Subclass 4: $2,625,587.00.

    3.    Preliminary Approval Hearing and Distribution Schedule:

    a.    As soon as practicable after the filing of the Joint Motion, the Parties shall seek to set a hearing with the Court (the "Preliminary Approval Hearing").

    b.    Prior to the Preliminary Approval Hearing, the Parties will cooperate on the preparation of a distribution schedule identifying the distribution of the payments identified in Section 2 above to individual members of the Subclasses (the "Preliminary Distribution Schedule").

- 3 -

        c.     At the Preliminary Approval Hearing, the Parties will request that the Court preliminarily approve this Agreement, certify the Class and Subclasses as settlement classes, order notice to be mailed to the Class in the form attached as <u>Exhibit B</u>. The Parties will submit a proposed order in the form attached as <u>Exhibit C</u> (the "Preliminary Approval Order"). The Parties also will request that the Court set a Final Fairness Hearing.

4.    <u>Notice to Class</u>.

        a.     Within 7 days after the Court enters the Preliminary Approval Order, Class Counsel shall mail notice to the Class in the form attached as <u>Exhibit B</u>. The notice shall set a deadline for parties to request to exclude themselves from the Class (the "Opt Out Deadline") and to object to this Agreement (the "Objection Deadline").

        b.     TEP will cooperate with Class Counsel to provide addresses for the members of the Class to facilitate mailing the notice.

        c.     Neither the Opt Out Deadline nor the Objection Deadline will be extended without the written consent of all Parties.

        d.     Class Counsel shall provide TEP with weekly reports on the names of owners requesting to exclude themselves from the Class and this Agreement. Within 7 days after the Opt Out Deadline, Plaintiffs shall submit to the Court a list of the names of owners requesting to exclude themselves from the Class and this Agreement.

        e.     Within 7 days after the Opt Out Deadline, Plaintiffs and TEP shall instruct the Escrow Agent to distribute to TEP that portion of the Settlement Amount identified on the Preliminary Distribution Schedule attributable to those owners who have requested to exclude themselves from the Class in this Settlement Agreement.

5.    <u>Final Approval and Distribution</u>.

        a.     Assuming that the Agreement has not terminated for any other reason (as described in Section 11 below), Plaintiffs and TEP will prepare a joint motion for final approval of the Agreement and to address any objections received prior to the Objection Deadline.

        b.     Along with the joint motion for final approval, Plaintiffs will prepare a final schedule for distributing the Settlement Amount (the "Final Distribution Schedule") to the Class that eliminates owners requesting to exclude themselves from the Class and the Agreement and adjusts the distribution to account for attorneys' fees and costs requested by Plaintiffs pursuant to Section 10 below. Plaintiffs will submit the Final Distribution Schedule along with the motion for final approval of the Agreement.

        c.     Provided that the Court enters an Order and Judgment approving of the Agreement and Final Distribution Schedule without modification, and upon entry of a

- 4 -

final non-appealable judgment (whether after appeal or after the deadline to appeal the Court's Order and Judgment has expired) (the "Approval Event"), Class Counsel shall distribute payment to the owners consistent with the Final Distribution Schedule within fourteen (14) days after the Approval Event (the "Final Distribution").

    d. With respect to any Settlement Class members whose royalties currently are held in suspense by TEP, Class Counsel shall distribute their share of the Final Distribution to TEP, which shall deposit such share in the owners' respective suspense account. Class Counsel shall distribute all necessary tax documents for Settlement Class members whose royalties currently are held in suspense, including but not limited to Form 1099s required by the Internal Revenue Service. TEP will provide Class Counsel with tax identification numbers for such Settlement Class members.

    e. Within ninety (90) days after the Final Distribution, Class Counsel shall submit a report to the Court identifying all Class members who have not yet cashed the checks sent to them by Class Counsel, including a list of Class members whose checks have been returned as undeliverable. Class Counsel then shall have ninety (90) days to identify more current addresses and resend new checks to these Class members. TEP shall reasonably cooperate with Class Counsel to identify better addresses for affected Class members. Any portion of the Final Distribution unclaimed after one-hundred fifty (150) days after the date Class Counsel resends the checks to the affected Class members shall be returned to TEP.

    f. Plaintiffs and the Settlement Class members shall be responsible for filing any tax returns and for paying any taxes that may be due on their proportionate share of the Final Distribution. Class Counsel shall distribute all necessary tax documents to the Settlement Class members, including but not limited to Form 1099s required by the Internal Revenue Service. TEP will provide Class Counsel with tax identification numbers for such Settlement Class members. TEP shall have no liability or responsibility for paying any taxes with respect to amounts paid under this Agreement.

    6. <u>Release</u>. Upon the Approval Event, Plaintiffs and the Class release TEP and its predecessors (including but not limited to WPX Energy Inc., WPX Energy Holdings LLC, and their respective predecessors), successors, assigns, and its past, present and future officers, directors, affiliates, employees, agents, servants, and representatives (collectively, the "TEP Released Parties") from any and all liabilities, rights, claims, demands, obligations, damages (including claims for or award of costs and/or expenses, court costs and attorneys' fees), losses, causes of action in law or in equity arising from the calculation and/or payment of royalties and/or overriding royalties to Plaintiffs and the Class on the sale of natural gas, natural gas liquids, and associated hydrocarbons prior to the Effective Date (collectively, the "Class' Released Claims").

    TEP releases Plaintiffs and the Class, as well as their predecessors, successors, assigns, and its past, present and future officers, directors, affiliates, employees, agents, servants, and representatives (collectively, the "Class Released Parties") from any and all liabilities, rights, claims, demands, obligations, damages (including claims for or award of

- 5 -

costs and/or expenses, court costs and attorneys' fees), losses, causes of action in law or in equity arising from the calculation and/or payment of royalties and/or overriding royalties to Plaintiffs and the Class on the sale of natural gas, natural gas liquids, and associated hydrocarbons prior to the Effective Date (collectively, "TEP's Released Claims"). Notwithstanding the foregoing, neither the Class' Released Claims nor TEP's Released Claims shall include adjustments to prior royalty payments made by TEP in the ordinary course of business, as described in Section 9(b), 9(c), or 9(d) below.

7. <u>Covenant Not to Sue</u>. The Parties, for themselves and their officers, directors, agents, joint venturers, partners, members, parents, subsidiaries, affiliates, insurers, heirs, legal representatives, successors and assigns, covenant and agree that they will not commence, participate in, prosecute, or cause to be commenced or prosecuted against the other Party or any of the TEP Released Parties or Class Released Parties, any action or other proceeding based upon any of the TEP Released Claims or Class' Released Claims released by the parties pursuant to this Agreement.

8. <u>Unknown Facts</u>. The Parties and the Class acknowledge that they may hereafter discover facts different from or in addition to those which they now know to be or believe to be true with respect to the Class' Released Claims and TEP's Released Claims and/or the damages and injuries suffered, and the releases contained herein shall be and remain effective in all respects, notwithstanding such difference or additional facts or the discovery thereof. Each Party expressly undertakes and assumes the risk that this Agreement was made on the basis of mistake, mutual or unilateral. The Parties expressly understand and agree that the signing of this Agreement will be forever binding on them and the Class, and that no rescission, modification, or release of any Party or Class member from the terms of this Agreement will be made because of any mistakes in this Agreement.

9. <u>Royalties Paid After the Effective Date and Adjustments to Royalties Paid Prior to the Effective Date</u>.

   a. With respect to royalties paid to Subclass 1 members after the Effective Date, *i.e.*, under instruments classified as Category 2 and Category 3 under the *Lindauer* Settlement, TEP shall be entitled: (1) to deduct a proportionate share of those members' gathering and fuel costs; (2) to deduct transportation costs as set forth in Paragraph 4.5 of the Lindauer Settlement Agreement; and (3) to account for the value of natural gas liquids ("NGLs") as set forth in Paragraphs 4.4 and 4.6 of the *Lindauer* Settlement Agreement.

   b. TEP shall be entitled to recoup any overpayments made to Class members prior to the Effective Date as a result of not deducting allowable post-production costs. Such adjustments shall be made by TEP in the ordinary course of business.

   c. With respect to royalties paid to Class members before and after the Effective Date, TEP shall be entitled to make any retroactive adjustments (whether positive or negative) to royalties and overriding royalties based on additional accounting

- 6 -

information received in the ordinary course of business, provided that such adjustments are consistent with the *Lindauer* Settlement.

    d.    With respect to royalties paid to Subclass 4 members after the Effective Date, TEP shall undertake the following:

    i.    TEP shall have the right to undertake an analysis of the interests of Subclass 4 members to determine whether such interests should be classified as Category 5 or Category 11 pursuant to the *Lindauer* Settlement;

    ii.    Unless and until TEP determines that any interest of a Subclass 4 member should be classified as Category 5, TEP shall calculate and pay royalties to such members on that interest consistent with the methodology applicable to Category 11 interests under the *Lindauer* Settlement;

    iii.    TEP's analysis shall be completed within six months after the Approval Event. Subject to paragraph 8(d)(iv), if TEP classifies an interest of a Subclass 4 member as a Category 5 interest, then TEP shall be entitled to perform a prior period adjustment to recover allowable processing costs for royalties paid after the Effective Date.

    iv.    TEP shall provide Class Counsel with a list of any Subclass 4 members whose interests are classified as Category 5, and an explanation as to the reason for the classification. Class Counsel shall have the right to object to TEP's classification within fourteen (14) days of receiving the list from TEP, and Class Counsel and TEP will confer in an attempt to resolve their difference(s). If the Parties cannot resolve their differences, they will present the issue to the Court for resolution.

    v.    Royalties paid on any interest of a Subclass 4 member that is not classified by TEP as a Category 5 interest within six months after the Approval Event will continue to be calculated consistent with the methodology applicable to Category 11 interests under the *Lindauer* Settlement.

    e.    With respect to all royalties paid to the Class after the Effective Date, TEP shall make all adjustments to its accounting system necessary to pay royalties consistent with the *Lindauer* Settlement and Section 9(a) and (d) within sixty (60) days after the Approval Event. TEP shall make any necessary prior period adjustments to conform to this Section 9(e) in the first accounting month after such adjustment is implemented. Upon completion of the adjustments, TEP shall provide Class Counsel with notice as well as an accounting of such adjustments.

    10.    <u>Fees and Costs</u>.

    a.    Class Counsel shall apply to the Court for (i) reimbursement of their reasonable litigation expenses; (ii) reimbursement of expenses associated with administering this Agreement, including compensation to the Escrow Agent as provided

- 7 -

by Section III(5) of the parties' Escrow Agreement; (iii) a reasonable incentive award in the amount of Five Thousand Dollars ($5,000) for each of the Named Plaintiffs; and (iv) an award of attorneys' fees of up to one-third (1/3rd) of the Settlement Amount after reduction of (i) and (ii) above. Such award and reimbursements shall be paid out of the Settlement Amount.

  b. TEP shall take no position regarding the award of fees and reimbursement of expenses. TEP will bear its own costs. TEP will have no obligation to bear the costs, fees, or expenses of the Class or Class Counsel.

  c. This Agreement is not contingent upon the Court's approval of Class Counsel's application for attorneys' fees and reimbursement of expenses.

  11. <u>Conditions and Termination Events</u>.

  a. This Agreement is conditioned upon the non-occurrence of the following events, and shall immediately terminate upon the occurrence of any of the following events:

    i. The Court denies the entry of the Preliminary Approval Order substantially in the form attached as <u>Exhibit C</u>;

    ii. The Court denies the entry of an Order and Judgment approving this Agreement;

    iii. The Approval Event is not achieved; or

    iv. Greater than twenty percent (20%) of the Class members request to exclude themselves from the Class and this Agreement, unless TEP waives this requirement in writing. For purposes of this Section 10(d), 20% shall be measured by (i) 20% of the total number of owners in the Class identified on the Preliminary Distribution Schedule, or (ii) 20% of the Settlement Amount attributable to owners requesting to exclude themselves, as identified on the Preliminary Distribution Schedule.

  b. Upon the occurrence of any of the events described in Section 11(a):

    i. this Agreement shall terminate;

    ii. the Escrow Agent shall immediately distribute all of the Settlement Amount to TEP;

    iii. any Order and/or Judgment entered pursuant to this Agreement shall be vacated, certification of the Class shall be vacated, and the litigation shall proceed as if this Agreement had never been executed; and

- 8 -

iv. the Agreement may not be used in this action or otherwise for any purpose, including whether the case should be certified as a class action pursuant to Fed. R. Civ. P. 23.

12. <u>Continued Effect of the *Lindauer* Settlement</u>. Except as provided in this Agreement, the terms of the *Lindauer* Settlement shall remain in full force and effect.

13. <u>Dismissal With Prejudice</u>: Upon the occurrence of the Approval Event, Plaintiffs, the Class, and TEP shall be deemed to have dismissed the Civil Action with prejudice.

14. <u>Other Matters</u>.

a. Nothing in this Agreement shall be construed as an admission by or on behalf of any Party of any wrongful acts or liabilities whatsoever.

b. The Parties represent and warrant to one another that the individual who executes this Agreement has the right and legal authority to execute such document on behalf of the Party for whom it acts, and that the Party has not sold, assigned, conveyed or otherwise disposed of or transferred to another entity or individual any of such Party's Released Claims.

c. The Parties expressly acknowledge that they have had the opportunity to consult additional professionals of their choice, including lawyers, accountants, and others regarding any and all damages, losses, costs, expenses, liabilities, claims and the consequences thereof, of whatsoever kind and nature, which they may have incurred or which they may or will incur, whether suspected or unsuspected, known or unknown, foreseen or unforeseen. The Parties have relied upon their own counsel's advice in entering into this Agreement and not upon the advice of any other Party's counsel.

d. The Parties and their counsel have mutually contributed to the preparation of this Agreement and the Exhibits hereto. No provision of this Agreement or the Exhibits shall be construed for or against any Party because that Party or its counsel drafted the provision. No Party has made any representation, promise or agreement of any kind to do or refrain from doing any act or thing or pay any money or other consideration not expressly set forth herein.

e. All of the Exhibits to this Agreement are material and integral parts hereto, and the Exhibits are fully incorporated herein by reference.

f. This Agreement may be amended or modified only by a written agreement signed by or on behalf of the Parties or their successors in interest.

TJPF_041724

      g.    This Agreement may be executed in any number of counterparts, each of which when so executed shall constitute in the aggregate but one and the same document. Facsimile signatures and/or signatures transmitted by electronic mail shall be valid and binding as original signatures.

      h.    This Agreement constitutes the complete Agreement between the Parties relating to the subject matter hereof, and there are no written or oral understandings or agreements directly or indirectly connected with this Agreement that are not incorporated herein. Any prior negotiations, correspondence or understandings related to the subject matter of this Agreement shall be deemed to be merged into this Agreement.

      i.    The provisions of this Agreement shall, where possible, be interpreted in a manner to sustain their legality and enforceability, except that the provisions of this Agreement cannot be severed, and rendering any portion of the Agreement to be unenforceable shall render the entire Agreement to be unenforceable.

      j.    This Agreement and its Exhibits shall be construed and interpreted under the laws of the State of Colorado.

      k.    This Settlement Agreement and its Exhibits shall be binding upon, and inure to the benefit of, the Parties' and the Class' successors and assigns.

The Parties hereby execute this Agreement this 8th day of August, 2018, effective as of the Effective Date

**Elna Sefcovic, LLC**

*Elna Sefcovic, LLC*
By: *Debra A Anderson*
Title: *Operations Manager*

**Roy Royalty, Inc.**

By: _____
Title: _____

**Juhan LP**

By: _____
Title: _____

**TEP Rocky Mountain LLC**

By: _____
Title: _____

- 10 -

TJPF_041725

    g. This Agreement may be executed in any number of counterparts, each of which when so executed shall constitute in the aggregate but one and the same document. Facsimile signatures and/or signatures transmitted by electronic mail shall be valid and binding as original signatures.

    h. This Agreement constitutes the complete Agreement between the Parties relating to the subject matter hereof, and there are no written or oral understandings or agreements directly or indirectly connected with this Agreement that are not incorporated herein. Any prior negotiations, correspondence or understandings related to the subject matter of this Agreement shall be deemed to be merged into this Agreement.

    i. The provisions of this Agreement shall, where possible, be interpreted in a manner to sustain their legality and enforceability, except that the provisions of this Agreement cannot be severed, and rendering any portion of the Agreement to be unenforceable shall render the entire Agreement to be unenforceable.

    j. This Agreement and its Exhibits shall be construed and interpreted under the laws of the State of Colorado.

    k. This Settlement Agreement and its Exhibits shall be binding upon, and inure to the benefit of, the Parties' and the Class' successors and assigns.

 The Parties hereby execute this Agreement this 8th day of August, 2018, effective as of the Effective Date

| Elna Sefcovic, LLC | Roy Royalty, Inc. |
|---|---|
| By: _____ | By: _____ |
| Title: _____ | Title: _____ |

| Juhan LP | TEP Rocky Mountain LLC |
|---|---|
| By: *Kathryn C. Juhan* (signed) | By: _____ |
| Title: General Partner | Title: _____ |

- 10 -

TJPF_041726

g.	This Agreement may be executed in any number of counterparts, each of which when so executed shall constitute in the aggregate but one and the same document. Facsimile signatures and/or signatures transmitted by electronic mail shall be valid and binding as original signatures.

h.	This Agreement constitutes the complete Agreement between the Parties relating to the subject matter hereof, and there are no written or oral understandings or agreements directly or indirectly connected with this Agreement that are not incorporated herein. Any prior negotiations, correspondence or understandings related to the subject matter of this Agreement shall be deemed to be merged into this Agreement.

i.	The provisions of this Agreement shall, where possible, be interpreted in a manner to sustain their legality and enforceability, except that the provisions of this Agreement cannot be severed, and rendering any portion of the Agreement to be unenforceable shall render the entire Agreement to be unenforceable.

j.	This Agreement and its Exhibits shall be construed and interpreted under the laws of the State of Colorado.

k.	This Settlement Agreement and its Exhibits shall be binding upon, and inure to the benefit of, the Parties' and the Class' successors and assigns.

The Parties hereby execute this Agreement this 8th day of August, 2018, effective as of the Effective Date

**Elna Sefcovic, LLC**

By:_____

Title:_____

**Roy Royalty, Inc.**

By: _Barbara Chen_ (Roy Royalty Inc.)

Title: _Managing Director_

**Juhan LP**

By:_____

Title:_____

**TEP Rocky Mountain LLC**

By:_____

Title:_____

- 10 -

TJPF_041727

    g. This Agreement may be executed in any number of counterparts, each of which when so executed shall constitute in the aggregate but one and the same document. Facsimile signatures and/or signatures transmitted by electronic mail shall be valid and binding as original signatures.

    h. This Agreement constitutes the complete Agreement between the Parties relating to the subject matter hereof, and there are no written or oral understandings or agreements directly or indirectly connected with this Agreement that are not incorporated herein. Any prior negotiations, correspondence or understandings related to the subject matter of this Agreement shall be deemed to be merged into this Agreement.

    i. The provisions of this Agreement shall, where possible, be interpreted in a manner to sustain their legality and enforceability, except that the provisions of this Agreement cannot be severed, and rendering any portion of the Agreement to be unenforceable shall render the entire Agreement to be unenforceable.

    j. This Agreement and its Exhibits shall be construed and interpreted under the laws of the State of Colorado.

    k. This Settlement Agreement and its Exhibits shall be binding upon, and inure to the benefit of, the Parties' and the Class' successors and assigns.

  The Parties hereby execute this Agreement this 8th day of August, 2018, effective as of the Effective Date

**Elna Sefcovic, LLC**

_____

By:_____

Title:_____

**Roy Royalty, Inc.**

_____

By:_____

Title:_____

**Juhan LP**

_____

By:_____

Title:_____

**TEP Rocky Mountain LLC**

_*Michael S. Land*_

By: Michael S. Land

Title: President and CEO

- 10 -

TJPF_041728

APPROVED:

Counsel for Plaintiffs and Class         Counsel for TEP Rocky Mountain LLC

Law Offices of George A. Barton, P.C.    _____

By: _____            By: _____

- 11 -

Case No. 1:19-cv-00495-DDD-NRN   Document 66-19   filed 05/23/22   USDC Colorado
Case 1:17-cv-01936-MEH   Document 52-1   Filed 08/15/18   USDC Colorado   Page 16 of 16
pg 15 of 15

APPROVED:

Counsel for Plaintiffs and Class

By: _____

Counsel for TEP Rocky Mountain LLC

By: Christopher A. Chrisman, Holland & Hart LLP

- 11 -